IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CHAPTER SEVEN |
| LUDWIG S. FLEMING, SR., | BANKRUPTCY NO.: 5-10-bk-09658-JJT |
| DEBTOR | |
| ROBERT P. SHEILS, JR., TRUSTEE, | {**Nature of Proceeding**: Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Doc. #13)} |
| PLAINTIFF | |
| vs. | |
| WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE, | |
| DEFENDANTS | **ADVERSARY NO.: 5-12-ap-00234-JJT** |

# **OPINION**[1]

Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. For the reasons provided herein, the Motion to Dismiss is granted, in part, and denied, in part.

A historical review of the litigation history between the Debtor and the Defendant[2] is essential for resolution of the instant Motion. Prior to the filing of the bankruptcy, Wells Fargo initiated a Complaint in Mortgage Foreclosure against the Debtor resulting in the Court of Common Pleas of Luzerne County entering a default judgment in favor of Wells Fargo in November of 2007. The foreclosure judgment was not appealed nor was any action taken to

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] Wells Fargo Home Mortgage is an internal division of Wells Fargo Bank, N.A. and is not a separate legal entity. See Defendants' Brief in Support of Their Motion to Dismiss Plaintiff's Complaint at 1, n.1. As such, I will refer to the captioned Defendants in the singular.

have the judgment opened or stricken. Thereafter, approximately nine months later, the Debtor filed a Complaint against Wells Fargo and the Luzerne County Tax Claim Bureau at Civil No. 10573 of 2008 entitled Complaint for Declaratory Judgment and for Damages. That Complaint consisted of four Counts titled as follows: Count I, Declaratory Judgment; Count II, Negligence; Count III, Breach of Duty of Good Faith; and Count IV, Accounting. Count IV was not directed to Wells Fargo Bank but, rather, Luzerne County Tax Claim Bureau.

A Motion for Summary Judgment was thereafter filed by Wells Fargo and denied by the Court of Common Pleas in June of 2009. That denial was responded to by Wells Fargo with a Motion for Reconsideration. The Debtor failed to respond to the Motion and by Order dated August 31, 2009, the Court of Common Pleas of Luzerne County granted Wells Fargo's Motion for Reconsideration and vacated its earlier denial of June 2009. The Court dismissed with prejudice Debtor's Complaint against Wells Fargo. The Court, after noting that the Plaintiff (Debtor) had not filed a response or brief opposing the Motion and therefore deeming it unopposed, wrote the following: "The doctrine of res judicata applies in this case preventing Plaintiff from asserting claims which could have been raised in the prior mortgage foreclosure action filed against the Plaintiff by Wells Fargo. See Wilkes v. Phoenix Home Life Mutual Insurance Company, 902 A.2d 366, 276 (Pa. 2006)." The Defendant writes in its Brief in Support of its Motion to Dismiss at page 6 that the Debtor did not appeal the entry of the 2009 state court judgment.

Debtor filed his Chapter 7 bankruptcy case on November 30, 2010. In August of 2012, the Trustee filed the underlying adversary Complaint against the Defendant. Again, a recitation of the Counts of the Complaint against the Defendant is essential for resolution and those Counts which are set forth as follows: Count I, Unfair Trade Practices and Consumer Protection Law [under state law]; Count II, Breach of Contractual Duty of Good Faith [under state law]; Count

III, Negligence [under state law]; Count IV, Accounting [under Federal Bankruptcy Code]; Count V, Violation of Truth and Lending [under federal law]; Count VI, Violation of Real Estate Settlement Procedure Act [under federal law]; and Count VII, Breach of Contractual Fiduciary Duty [under state law]. The conduct of the Defendant giving rise to these causes of action all occurred pre-petition, excluding the Count requesting an accounting.

The Brief in Support of the Motion to Dismiss attacks the adversary making several arguments which can be summarized as follows. The Plaintiff's state law claims are barred by the application of the Rooker-Feldman Doctrine; several of Plaintiff's claims are barred by the gist of the action and/or the economic loss doctrine; and at least one claim is barred by the statute of limitations.

The challenge to this Court's subject matter jurisdiction by way of the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), must be addressed first. A review of the allegations of the Complaint reflects it does not contain a statement whether the proceeding is core or non-core and, if non-core, whether the pleader does or does not consent to entry of final orders or judgments by the bankruptcy judge as required by Federal Rule of Bankruptcy Procedure 7008. Plaintiff's Brief in Opposition to the Motion to Dismiss also does not address the jurisdictional issue. For its part, the Defendant has addressed the jurisdictional issue albeit in a very inarticulate manner. The Defendant recites some boilerplate legal conclusions as to the requirements of a Motion to Dismiss under Rule 12(b)(1) and finishes with an assertion that the party asserting jurisdiction, in this case the Plaintiff, bears the burden of showing the claims are properly before the Court. Further on, the Defendant at page nine of its brief concedes that the Debtor's Bankruptcy Trustee, the Plaintiff in this adversary, is pursuing the Debtor's pre-petition, non-core claims against Wells Fargo on behalf of the Debtor's estate.

The Bankruptcy Court has jurisdiction over basically four types of matters: (1) cases

under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. *In re Marcus Hook Development Park*, Inc., 943 F.2d 261, 263 (3rd Cir. 1995). If a proceeding invokes a substantive right provided by title 11 or if it is a proceeding which, by its nature, could arise only in the context of a bankruptcy case, then the matter is a core proceeding. *Id*. at 267.

I find that only Count IV (Accounting) of the underlying adversary proceeding presents this Court with a core proceeding under 28 U.S.C. § 157. All other Counts are non-core proceedings of which this Court retains jurisdiction.

The Defendant argues the Rooker-Feldman Doctrine deprives this Court of subject matter jurisdiction over the several state law causes of action because what the Plaintiff is essentially trying to do is seek a review and relief by this Court of the state court judgments. I agree with the position of the Plaintiff that the instant Complaint is not an attempt to have the state court judgments, both the foreclosure and the 2009 default judgment, reviewed by this Court with an ultimate result of overturning those decisions. Nowhere in the Complaint or the prayer for relief does the Plaintiff seek relief from the state court judgments or request a ruling the state court judgments were wrong and should be avoided or vacated.

Alternatively, considerable argument by both parties addressed the impact of the res judicata language of the August 31, 2009 Order of the Court of Common Pleas. Essentially, the Defendant argues the entirety of the Counts of the Complaint must be dismissed because those Counts are all barred by the defense of res judicata. The Defendant did not address how the state court Order impacted the filing of this Complaint which includes federal law violations. In this regard, the Plaintiff strenuously argues none of the relief sought in the Counts of the underlying Complaint seek the same relief as the 2008 state court Complaint by the Debtor against the Defendant.

Neither party addressed the impact of Pennsylvania Rule of Civil Procedure 1020 (Pleading More Than One Cause of Action. Alternative Pleading. Failure to Join. Bar). Rule 1020(d) reads as follows: "If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action."

Under this Rule, a plaintiff is required to join in one action all causes of action which arise from the same transaction or occurrence regardless of the nature of the claim and failure to join a cause of action results in a waiver of that claim. See *Hineline v. Stroudsburg Electric Supply Company, Inc.*, 586 A.2d 455, 456, 402 Pa.Super. 178, 181 (1991) *appeal denied*, 598 A.2d 284, 528 Pa. 630 (1991); *Jones v. Keystone Insurance Company*, 528 A.2d 177, 364 Pa.Super. 318 (1987) *appeal denied*, 540 A.2d 535, 518 Pa. 613 (1988); 2 Goodrich Amram 2d § 1020(d):1. Of course, any cause of action joined must be one that is cognizable in a civil action against the defendant in the state court. Pennsylvania Rule of Civil Procedure 1020(a). While neither party addressed whether the causes of action based on federal law were cognizable in the state action, I find the federal causes of action pled under the Truth and Lending Act (TILA), 15 U.S.C.A. § 1601, et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A. § 2601, et seq., were properly under the jurisdiction of state court.[3] *See Household Consumer Discount Co. vs. Vespaziani*, 490 Pa. 209, 212, 415 A.2d 689, 691 (1980).

I understand the Plaintiff's argument that the underlying Complaint raises causes of

---

[3] 12 U.S.C.A. § 2614 provides for a private right of action only for those claims brought under §§ 2607 and 2608 of RESPA. *Brophy v. Chase Manhattan Mortg. Co.*, 947 F.Supp. 879 (E.D. Pa. 1996). While it appears that the Plaintiff does not make allegations in Count IV of the Complaint under either § 2607 or § 2608, the Court will not make a determination at this point as to whether the Plaintiff has a private right of action under RESPA.

[K:\Cathy\Opinions-Orders filed 2013\5-12-ap-00234-JJT_Fleming.pdf]     5

Case 5:12-ap-00234-JJT    Doc 25    Filed 05/14/13    Entered 05/14/13 14:56:25    Desc
Main Document      Page 5 of 8

action different from those found in the several Counts of the 2008 state court Complaint. I find, however, that the additional causes of action under TILA and RESPA could have been pled in the state court under the state court's jurisdiction. They were not pled in the 2008 action and, thus, were waived by the Debtor. *In re Ezekoye*, 308 B.R. 738 (Bankr. W.D.Pa. 2004). Accepting the other Counts of the underlying Complaint also allege different causes of action, I further find those Counts were waived by the Plaintiff because they were not pled in the state court case pursuant to Rule 1020(d). The Trustee/Plaintiff in this action steps into the shoes of the Debtor, and the Debtor's waiver of those causes of action apply to the Complaint before this Court. I find all Counts of the underlying Complaint were waived except Count IV (Accounting).

I would be remiss if I did not address the parties' respective arguments on the application of res judicata to the earlier state court judgments. Simply stated, the Plaintiff argues he is not precluded from asserting claims in this adversary proceeding which were not asserted in the state court proceedings. These are arguments based on similar facts that are not foreign to the Third Circuit. I direct the parties' attention to the case of *Turner vs. Crawford Square Apartments III, L.P.*, 449 F.3d 542 (3d Cir. 2006). The *Turner* case presents a situation in which a tenant brought an action against the landlord alleging various discriminatory housing practices in violation of the Federal Fair Housing Act (FHA). The federal claims were not asserted by the Plaintiff in a prior state court eviction action and a separate request for injunctive relief by the tenant. The Plaintiff here, for the most part, made the same arguments as the Plaintiff in the *Turner* case as to why res judicata should not apply in the federal action. The Plaintiff (*Turner*) argues Pennsylvania does not have a compulsory counterclaim rule, and therefore, the Debtor did not have to assert counterclaims in the earlier state court foreclosure proceedings precluding him from asserting those claims now. The *Turner* Court addressed this issue in footnote 13 of its

Opinion which provides:

> Turner argues, however, . . . that res judicata does not bar this action because Pennsylvania has a permissive joinder rule that did not require her to join her FHA claims in the state court litigation. This argument confuses the separate concepts of waiver and res judicata. Even assuming that Turner was not required to raise her FHA claim under the procedural rules, she nonetheless could have done so. Pennsylvania courts, without citing or discussing **compulsory joinder** rules, consistently have held that the common law doctrine of res judicata bars "claims that were or *could have been raised* in the prior action." *See, e.g.*, *Balent*, 669 A.2d at 315 (emphasis added).

*Id.* at 550.

Because all Counts of this Complaint could have been raised in the earlier state court action, the application of res judicata will bar these claims.

> By applying res judicata in this action we are acting consistently with the approach of the Pennsylvania courts in adhering to the Restatement (Second) of Judgments in analyzing res judicata issues. *See, e.g., McArdle*, 627 A.2d at 1223 (noting that conclusion is consistent with Restatement (Second) of Judgments § 25, cmt. e (1982)). The Restatement provides in part:
>
>> A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground.
>
> Restatement (Second) of Judgments § 25 cmt. e (1982).

*Id.* at 550.

There was no jurisdictional obstacle for the Debtor to have raised all of the claims of the several Counts of this Complaint to be litigated in the state court. Therefore, all Counts of the Complaint except Count IV are barred by the application of the principle of res judicata.

Left for resolution is the Motion to Dismiss as it addresses Count IV, Accounting. Regardless of whether the Debtor requested an accounting as Plaintiff in the state court action, the Trustee, as Plaintiff in this action, has a statutory right under both the United States

Bankruptcy Code and the Bankruptcy Rules of Procedure to request an accounting. Therefore, Count IV of the Complaint survives the Motion to Dismiss.

Based upon the foregoing, the Court grants the Defendant's Motion to Dismiss as to all Counts except Count IV, Accounting.

An Order will follow.

By the Court,

Date: May 14, 2013

John J. Thomas, Bankruptcy Judge

(CMS)